## LEVI CUTTER *vs.* THOMAS J. COPELAND.

Where the question is, whether the vendee of personal property shall hold it, or whether it shall be subject to the attachment or seizure of a creditor of the vendor, upon the ground that the sale was fraudulent, the interest of the debtor or vendor is balanced, and he is a competent witness for the vendee or his assignee.

And if the vendor be made the agent of the vendee in managing the property, still he is a competent witness.

There is no legal objection to the employment of the mortgagor as the agent of the mortgagee.

After the making of a mortgage of personal property, an arrangement, whereby the mortgagor is to continue in possession of the property as agent of the mortgagee, no visible alteration as to the property taking place, is not, in itself, *prima facie* evidence that the mortgage was fraudulent, but is only evidence to go to the jury in determining the question.

Possession of personal property by an agent is the possession of the principal.

The mortgagee of personal property may maintain trespass against an officer, seizing or attaching the same as the property of the mortgagor, without first giving notice of his claim to the officer, or stating his account of the amount due on the mortgage, and without any refusal or neglect of the officer to pay his demand and discharge his lien. Under the *st.* 1835, *c.* 188, it is the duty of the officer, first to make his demand in writing.

The law does not require, that when the vendor is made agent of the vendee, he should declare or make known his agency. His failing to do so, may be evidence before the jury to prove fraud, but from its omission, the Court are not bound to declare the sale to be fraudulent.

TRESPASS for a quantity of board logs of the plaintiff, alleged to have been taken in the *Kennebec* river, by a deputy of the defendant, then sheriff of the county of *Somerset.* The justification set up was, that the logs were the property of *John Bradley* and *Isaiah Warren,* and as such were taken on an execution against them in favor of *Stephen Chase.*

The plaintiff, to show property in the logs to be in himself, offered in evidence a mortgage bill of sale, dated *March* 16, 1837, from *Warren* to *Bradley;* an assignment of this bill of sale by *Bradley* to the plaintiff, dated *March* 18, 1837; and a mortgage bill of sale of the same logs from *Bradley* to *Cutter* of the same date. He also offered *Warren* as a witness, mutual releases having been given. The defendant still objected to his admission.

But EMERY J., presiding at the trial, overruled the objection. On *March* 21, 1837, *Cutter* gave *Warren* a written power of attorney to act for him in relation to these logs. Before the mortgage bills of sale were given, *Warren* had been in the possession and care of the logs, and continued his possession afterwards, without giving notice at that place of the bill of sale, or of his agency, and made no visible alteration with respect to the logs, and did not alter the marks upon them. There was much evidence spread upon the report of the case, tending to show, that the sale was or was not fraudulent, the character of which, pertinent to any questions of law in the case, sufficiently appears in the opinion of the Court.

The counsel for the defendant requested the Judge to instruct the jury, that a mortgagee of personal property cannot maintain trespass *de bonis asportatis* against an officer for taking the property on a debt of the mortgagor, such property being in the possession of the mortgagor, before such mortgagee has given notice of his mortgage, and stated his claim and account, and the attaching creditor or the officer has neglected or refused to pay his demand, and discharge his lien. And that such an arrangement as was entered into between *Bradley* and *Warren* and the plaintiff, furnished *prima facie* evidence of fraud, and was not consistent with public policy. The Judge declined to give these instructions. They also requested the Judge to instruct the jury, that the delivery of personal property, in case of a mortgage thereof, is requisite in order to enable the mortgagee to hold the same against a subsequent attaching creditor of the mortgagor; that the plaintiff had not proved such a delivery of the logs mortgaged to him by *Bradley* and *Warren*, as would enable him to hold them against an after attaching creditor; that the law requires such a change of possession as indicates to the world at large a change of ownership, and if such possession was not taken by the plaintiff in this case, it was no excuse that he entrusted it to a third person, to take possession for him, who was negligent, ignorant, or unfaithful. The Judge did not give such instructions, but did instruct the jury, that the execution and delivery of the mortgage bills of sale, or mortgage deeds, to the plaintiff, passed the property to the plaintiff, if the jury should find the transaction to be fair and honest, and not entered into with a fraudulent design or intention, and

they were satisfied that possession of the logs was taken by the agent under the power for the benefit of the plaintiff, according to the nature and situation of the property ; that the power of attorney from the plaintiff to *Warren*, of itself furnished no evidence of fraud; that the plaintiff might lawfully constitute *Warren* his agent to take the care and possession of the logs; that the marks of *Bradley* and *Warren* remaining on the logs, and the logs remaining in their possession, were circumstances to be taken into consideration by the jury, to determine whether the transaction was fraudulent or not ; that if *Warren* went on under the power of attorney, and acted as the agent of the plaintiff in the care and management of the mortgaged property, it was sufficient, without his declaring his agency, or doing any thing to indicate to the public any change in the ownership of the logs.

If the rulings and decisions of the Judge were erroneous, or if the evidence rejected ought to have been received, or if any was received after objection which should have been rejected, or if any instructions requested and withheld ought to have been given, or if the instructions given were incorrect, the verdict for the plaintiff was to be set aside ; otherwise the verdict was to stand.

*Howard & Osgood* argued for the plaintiff, and cited *Case* v. *Reeve*, 14 *Johns. R.* 81 ; *Marquand* v. *Webb*, 16 *Johns. R.* 89; *Eldridge* v. *Wadleigh*, 3 *Fairf.* 371 ; 1 *Stark. Ev.* 91 ; *Woods* v. *Skinner*, 6 *Paige*, 76 ; 3 *Stark. Ev.* 48 ; *Abbott* v. *Hutchins*, 2 *Shepl.* 390 ; *Baring* v. *Calais*, 2 *Fairf.* 463 ; *Bridge* v. *Eggleston*, 14 *Mass. R.* 245 ; *Miller* v. *Baker*, 20 *Pick.* 285 ; *Cobb* v. *Haskell*, 2 *Shepl.* 303 ; 2 *Kent*, 516, 524, 530 ; *Bullock* v. *Williams*, 16 *Pick.* 33 ; *Forbes* v. *Parker*, *ib.* 462 ; *Barrett* v. *Goddard*, 3 *Mason*, 112; *Lunt* v. *Whitaker*, 1 *Fairf.* 310 ; *Houdlette* v. *Tallman*, 2 *Shepl.* 400.

*Fessenden & Deblois*, argued for the defendant, and cited *Cushman* v. *Loker*, 2 *Mass. R.* 106 ; *Emerson* v. *Prov. Hat. Man'g Co.* 12 *Mass. R.* 241; *Eldridge* v. *Wadleigh*, 3 *Fairf.* 371 ; *Rice* v. *Austin*, 17 *Mass. R.* 197 ; *Rice* v. *Bancroft*, 11 *Pick.* 469 ; *Prince* v. *Shepard*, 9 *Pick.* 176 ; *Corinna* v. *Exeter*, 1 *Shepl.* 321 ; *Bridge* v. *Eggleston*, 12 *Mass. R.* 245; *Clark* v. *Waite*, 12 *Mass. R.* 439 ; *Matthews* v. *Houghton*, 1 *Fairf.* 420;

*Hackett* v. *Martin*, 8 *Greenl.* 77 ; *Pickard* v. *Low*, 3 *Shepl.* 48 ; *Lunt* v. *Whitaker*, 1 *Fairf.* 310 ; *Tibbetts* v. *Towle*, 3 *Fairf.* 341 ; *Sargent* v. *Carr*, *ib.* 396 ; *Badlam* v. *Tucker*, 1 *Pick.* 389 ; *Holbrook* v. *Baker*, 5 *Greenl.* 309 ; *St.* 1835, *c.* 188 ; *Rev. St. of Mass. p.* 556, § 78, 79 ; *Gleason* v. *Drew*, 9 *Greenl.* 79 ; *Haskell* v. *Greely*, 3 *Greenl.* 425 ; *Brinley* v. *Spring*, 7 *Greenl.* 241 ; *Johns* v. *Church*, 12 *Pick.* 557 ; *Melody* v. *Chandler*, 3 *Fairf.* 282 ; *Shumway* v. *Rutter*, 8 *Pick.* 443 ; *Chapman* v. *Searle*, 3 *Pick.* 38 ; *Davis* v. *Moore*, 1 *Shepl.* 427 ; *Vincent* v. *Germond*, 11 *Johns. R.* 283.

The opinion of the Court was drawn up by

WESTON C. J. — Where the question is, whether the vendee of personal property shall hold it, or whether it shall be subject to the attachment or seizure of the creditor of the vendor, upon the ground that the sale was fraudulent, the debtor or vendor is a competent witness for the vendee or his assignee. His interest is balanced. If the creditor prevails, his debt is discharged to the value of the property, and he is answerable for the value to his vendee. If the vendee prevails; he is no longer liable to him, but his debt, which might have been extinguished to the value of the property, remains unpaid. The contingency of different estimates of value, the law does not regard as sufficient to disturb this equipoise of interest. *Eldridge* v. *Wadleigh*, 3 *Fairf.* 371. *Warren*, the witness received, stood in this predicament. On the one side, was the lien of the plaintiff and the reversionary interest of the witness, which made up the value of the property ; on the other was the same value, made available to the witness, by the extinguishment of his debt to an equal amount.

It is urged, that in addition to the liability of *Warren*, arising from his covenant to *Bradley*, which was assigned to the plaintiff, he is further liable for the faithful performance of his duty to him, as his agent. To this it may be answered, first, that his liability upon both grounds would not exceed the value of the property which would be balanced by the payment of the debt of the witness, to an equal amount. Secondly, the fidelity or unfaithfulness of the witness is not an issue between these parties ; nor is that point determined by this verdict.

It is further insisted, that the witness should not have been permitted to testify, that it was his intention to act as the plaintiff's agent. If he did not so act, and had failed to do what he intended, his secret intentions were not admissible to affect the case. But he expressly and affirmatively testifies, that he did act as agent. This, of itself implies an intention to do so. A direct statement of such intention, was another form of expressing the same thing, not adding to its strength, or giving it a different character. We perceive no legal objection to the employment of *Warren* as an agent.

The arrangement entered into between *Bradley*, *Warren*, and the plaintiff, was not, in itself, *prima facie* evidence of fraud, as the Judge was requested to instruct the jury. All the circumstances indicative of fraud, whether in the employment of *Warren* as agent, or otherwise, were left to them, with proper legal instructions. The jury have found the transaction fair, and that the agent, in behalf of the plaintiff, took all the possession of the property, of which, from its nature and situation, it was susceptible. This was a question of fact, which it did not belong to the Court to decide; but one properly appertaining to the province of the jury. Possession by his agent was equivalent to possession by the plaintiff.

The letter from *Bradley* to *Chase*, was written after the title of the plaintiff had accrued; and was not admissible to affect it. *Bradley* might have been called as a witness by either party, his interest, like *Warren's*, being balanced.

The counsel for the defendant requested the presiding Judge to instruct the jury, that the mortgagee of personal property cannot maintain trespass against an officer, seizing or attaching the same, as the property of the mortgagor, until he has given notice of his claim to the officer, and stated its amount, or the officer has neglected or refused to pay his demand and discharge his lien. To sustain this request, the defendant has cited *Miller* v. *Baker*, 20 *Pick.*, 285. The Court do not decide this point, but if they had, it depends upon a provision in the statute of *Massachusetts*, which is not to be found in our statute. *Mass. revised laws, c.* 90, § 79. It is there provided, that the mortgagee shall furnish to the officer, in writing, a true and just account of the amount, for

which the property is mortgaged. By our statute of 1835, c. 188, § 3, the mortgagee is bound to do this, upon a demand in writing being first made upon him ; and by the second section, the extinguishment of the lien, is made a condition precedent to the attachment of the property, for the benefit of the creditor. By the same section, without such previous payment, the officer might sell the debtor's right to redeem ; but here he sold and delivered the property itself, without any saving of the rights of the mortgagee. In our judgment, the first requested instruction was properly withheld.

We are not aware that the law requires, that the agent should declare or make known his agency to others, to make his acts effectual in behalf of his principal. His failing to do so, might be evidence of fraud, upon which the jury have passed ; but it is not an omission, which of itself the Court is bound to declare fraudulent. The finding of the jury is not submitted to our revision. There is no motion to set aside the verdict as against evidence. In our opinion, the rulings and instructions of the presiding Judge were in conformity with the law applicable to the case.

*Judgment on the verdict.*